# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:17-CR-00176 |
| TERRENCE DEVOL LONDON II, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Terrence Devol London II's fully briefed "Motion for Compassionate Release" (Doc. Nos. 108, 113, 115, 117).[1] A decision on the merits is appropriate because London has exhausted his administrative remedies. (Doc. No. 116). For the following reasons, the Court will grant London's motion.

The First Step Act of 2018 expanded a court's ability to grant compassionate release to certain federal prisoners under 18 U.S.C. § 3582(c). Such relief may now be warranted in cases where a prisoner, who has exhausted administrative remedies, files a motion and the court finds that a sentence reduction is warranted based on (1) "extraordinary and compelling reasons"; and (2) "any applicable § 3553(a) factors[.]" United States v. Jones, 980 F.3d 1098, 1107–08 (6th Cir. 2020). "[T]he compassionate release decision is discretionary, not mandatory." Id. at 1106. Using that discretion, the Court will grant London's request for the following reasons.

First, London has shown "extraordinary and compelling" circumstances. Invoking the Sentencing Commission's policy statement on Reduction in Term of Imprisonment Under 18

---

[1] The Court granted London's Motion for leave to file his compassionate release motion under seal. (Doc. No. 112).

U.S.C. § 3582(c)(1)(A), London argues that he should be afforded release due to "[t]he death . . . of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." (Doc. No. 108 (citing U.S.S.G. 1B1.13 cmt. n. 1)). Specifically, London seeks a reduced sentence in order to "take custody of his minor child, whose mother passed away on December 20, 2019." (Doc. No. 115 at 1). The Government counters that London's situation is not "exceptional or uncommon" enough such that compassionate release is warranted. (Doc. No. 113 at 9–10).

Although Jones no longer requires courts to consider the Sentencing Commission's policy statements when deciding compassionate release motions, those statements "still provide[] a useful working definition of 'extraordinary and compelling reasons,' and thus may be consulted to 'guide discretion without being conclusive.'" U.S. v. Cole, No. 18-20237, 2021 WL 194194, at *1 (E.D. Mich. Jan. 20, 2021) (citing U.S. v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020)). Moreover, courts "continue to lean on [the Family Circumstances provisions of § 1B1.13(1)(C)] when defining 'extraordinary and compelling circumstances' in the context of familial hardship. U.S. v. Davis, No. 2:13-cr-00046-8-JRG, 2021 WL 829367, at *7 (E.D. Tenn. Mar. 4, 2021); see also U.S. v. Taylor, No. 19-20056, 2021 WL 21760, at *2 (E.D. Mich. Jan. 24, 2021). Post-Jones courts have concluded that "an extraordinary and compelling reason may exist following the death or incapacitation of the caregiver of the defendant's minor child or minor children." Cole, 2021 WL 194194, at *2. The Court finds that such reasons exists here, as the mother of London's minor child has died. (See Doc. Nos. 108-5, 108-6, 108-7). Although the minor child is currently being cared for by London's aunt, the family agrees that it would be in the "best interest of the child that she be cared for by her remaining, living parent." (Doc. No. 108 at 3; see also Doc. No. 117). Courts have been sensitive to instances where alternate family members caring for the child would

not be in the minor child's best interest. See Cole, 2021 WL 194194, at *2–3. Accordingly, and in light of Jones, the Court invokes its "full discretion" to determine that "extraordinary and compelling" reasons exist to justify London's compassionate release. Jones, 980 F.3d at 1109.

Second, the applicable Section 3553(a) factors support London's release. The Court is not persuaded by the Government's rebuttal that the factors disfavor his release given his danger to the public. (Doc. No. 113 at 14). The Court will review the relevant factors below:

*The nature and circumstances of the offense* weigh somewhat against compassionate release. London pled guilty and was sentenced to 72 months in prison for violating (1) 21 U.S.C. § 841 for Possession with Intent to Distribute Heroin and Cocaine and (2) 18 U.S.C. § 922(g)(1) for being a Felon in Possession of a Firearm. (See Doc. No. 108 at 2). Although the circumstances of London's offense were serious, the weight of this factor is limited because the remaining factors support granting London compassionate release and London has shown great propensity for reform, as evidenced by accrued good time credits. See id.

*The history and characteristics of the Defendant* weigh slightly in favor of compassionate release. The Government made a reasonable argument that London had a criminal history category of III with five criminal history points at the time of his sentencing. (See Doc. No. 114 at 14). But as with the prior factor, the weight of this factor is limited. The Court notes that London served his time in custody laudably; he has not received any disciplinary violations and has advanced his education by completing dozens of hours of coursework ranging from women's rights to time management. (See Doc. Nos. 108-1, 108-2).

*The need to protect the public from further crimes of the defendant* weighs in favor of compassionate release. Were the Court to deny London's motion, London would likely only be incarcerated for a few more months, as Probation has notified the Court that London is due to be

released to a residential program in August 2021. Moreover, London's original term of incarceration is due to terminate less than a year from now, in March 2022.

*The need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner* does not weigh in favor of either granting or denying compassionate release. As discussed above, the primary issue at the heart of London's motion deals with the death of the mother of London's minor child.

*To reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense* weighs in favor of granting compassionate release. London has shown an increased respect for the law given that he has not comitted any infractions or disciplinary violations while in custody. (See Doc. No. 108 at 2). Moreover, as discussed above, London has served the overwhelming majority of his sentence, given that he is likely to be released to a residential program in only a few short months.

In sum, the Court finds that the 3553(a) factors weigh in favor of granting London's compassionate release.

Accordingly, and for the foregoing reasons, London's Motion for Compassionate Release (Doc. No. 108) is **GRANTED**. The custodial portion of London's sentence will be reduced to time served and he shall be released from the custody of the BOP. The BOP shall ensure that London tests negative for COVID-19 prior to his release from custody. London shall serve his original three-year term of supervised release under the same conditions as those previously imposed and such term will commence immediately. Upon his release, London shall travel directly to the home of his fiancée, Larryn Owens at 923 South Westland Ave. Gallatin, TN 37066. London shall contact his supervising probation officer within 48 hours after he arrives at his fiancée's home.

London shall also continuously update his supervising probation officer regarding his efforts to obtain legal custody of his minor child.

    IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE